Betty Wellman, an Infant, etc.

*v.*

Charles A. Drake

(No. 9905)

Submitted April 22, 1947.   Decided May 27, 1947.

*Fitzpatrick, Strickling & Marshall, C. W. Strickling* and *Amos A. Bolen,* for plaintiff in error.

*Edward H. Greene* and *Carl A. McComas,* for defendant in error.

Fox, President:

Charles A. Drake prosecutes this writ of error to a judgment of the Circuit Court of Cabell County, entered upon the verdict of a jury, on August 10, 1946, in an action at law in which Betty Wellman was plaintiff, and Charles

A. Drake was defendant. The parties will be designated as they stood in the trial court.

Defendant is a dentist practicing his profession in the City of Huntington. Inasmuch as no questions growing out of the evidence are in issue on this writ, it is sufficient to say that plaintiff visited him for treatment on three separate occasions. On the first occasion he administered a treatment for her gums; on the second visit he extracted a tooth; and on the third he began the work necessary to filling a tooth. When defendant proceeded to drill plaintiff's tooth, preparatory to filling the same, the evidence is that the resulting pain caused·her to cry out loudly or scream, immediately following which, defendant ceased work on his treatment, removed her from the dental chair, told her to go home, and at any rate did not continue the treatment, although it is clear that he did, at that time, invite her to return later, when she had regained her composure, and he had regained his own. She did not return, but immediately consulted an attorney, and this action followed.

Plaintiff filed her declaration in one count. By words of inducement, preliminary to the specific allegations of the declaration, it is alleged that defendant, at the time of the occurrence mentioned above, was engaged in the practice of dentistry; that plaintiff went to him for treatment; that defendant accepted such employment, and entered upon the treatment aforesaid; that defendant represented to plaintiff that one of her teeth was decayed, and that the proper treatment therefor was to remove the decayed portion of such tooth, and fill the same; that plaintiff relied upon such statement, and did on or about October 26, 1945, submit herself to said defendant so that he might begin the recommended treatment; that it was the duty of said defendant to treat the said tooth with that degree of knowledge, skill and care which dentists practicing in that locality ordinarily possessed.

Following these allegations, it is then averred that said defendant:

"* * * not regarding his duty as such dentist and dental surgeon, during said time, then and there, wilfully maliciously and unlawfully and wholly failed his said duty, in that he drilled a large cavity and hole in said tooth of said plaintiff and exposing said nerve of said tooth, and then and there the defendant refused to fill and treat said tooth, and then with great force and violence seized and laid hold of said towel which was fastened around said plaintiff's neck, and plucked, pulled and tore the towel from around the plaintiff's neck, *and then with great.force and violence seized and laid hold of the said plaintiff by her arms and neck, and greatly squeezed, shook and pulled the plaintiff from the said dental chair, and then and there with great violence ordered said plaintiff to leave his said office, refusing to fill, treat or fix the tooth of the said plaintiff."* (Italics ours).

It is, necessarily, the claim of plaintiff that her declaration sets up two causes of action:   one for malpractice, and the other for assault and battery.   The defendant apparently adopted a policy of "watchful waiting," and did not before trial, move against the declaration.   If, in fact, the declaration sufficiently stated two causes of action in one count, it was, under the common law, duplicitous; but a declaration is not subject to demurrer for duplicity, under our statute, Code, 56-4-12, which provides that "No action shall abate for want of form, where the declaration sets forth sufficient matter of substance for the court to proceed upon the merits of the case."   In *Grass* v. *Big Creek Development Co.*, 75 W. Va. 719, 84 S. E. 750, it was held, "a declaration, though indefinite and uncertain, is not demurrable, if with reasonable certainty it states one or more good and not inconsistent causes of action.   A demurrer does not lie for mere indefiniteness or duplicity. * * *." See also Hogg's Pleadings and Forms, 4th ed. 114.

The jury trial was had on February 1, 1946. After plaintiff had introduced her evidence, the defendant moved the court to strike the same, and direct a verdict in his favor. Apparently, there was some argument on this motion, and

the record indicates that plaintiff took the position that she could rely upon either the allegation of malpractice or that of assault and battery, and that both grounds of recovery were sufficiently alleged in the declaration. Thereupon, defendant asked that plaintiff be required to elect upon which cause of action she relied. She made this election and told the court that she would rely upon the allegation of assault and battery. Defendant then renewed his motion for a directed verdict, on the ground that the alleged assault and battery, so relied on, was not sufficiently pleaded in the declaration; contended that the declaration was based entirely upon malpractice; and that the other allegations were made to show an aggravation of the charge of malpractice. This motion was overruled, to which defendant excepted at the time. The testimony of defendant was then taken. At the conclusion of all of the evidence, the motion for a directed verdict was renewed by defendant "on the same grounds heretofore assigned in support of the same motion at the conclusion of the testimony of the plaintiff." This motion was overruled. Defendant then moved to strike the evidence of plaintiff, in so far as the same was sought to be used as a basis for the charge of assault and battery, on the ground that such charge was not sufficiently pleaded in the declaration, which motion was likewise overruled, and exceptions to both rulings taken at the time. The case was then submitted to a jury, which returned a verdict of five hundred dollars for the plaintiff. In submitting the case to the jury, the trial court made this statement: "Gentlemen of the jury, during the process of this trial counsel for plaintiff were requested to make an election as to whether or not this case was proceeding on the theory of malpractice or upon the theory of assault and battery. Counsel for the plaintiff elected to try it upon the theory of assault and battery rather than on the theory of malpractice." It is clear, therefore, that the case was tried on the theory that assault and battery had been sufficiently pleaded in the declaration, and the verdict of the jury was manifestly returned on that assumption. On the return of the verdict

aforesaid, defendant moved to set it aside, and to award him a new trial because, as he contended, said verdict was contrary to the law and the evidence, and for other reasons to be later assigned. No other reasons were assigned, and on August 10, 1946, the court overruled said motion, and entered judgment for plaintiff on said verdict.

As stated above, no questions arise from the amount of the verdict, or as to the testimony introduced on the trial. In the brief of defendant, plaintiff in error here, it is stated: "As already indicated, this case was submitted to the jury, over defendant's objection, on the theory of assault and battery and the only question involved is whether or not plaintiff's declaration states a cause of action on that theory."

The italicized part of the quotation from the declaration, appearing in this opinion, is the only language in the declaration upon which there can be based any possible claim that it is a declaration for assault and battery. We are aware of the rule that, in a declaration for assault and battery, there is no requirement that there shall be alleged any duty from the wrongdoer to the injured person. The mere allegation that an assault was made, and that the person assaulted was injured thereby, would be sufficient to sustain a declaration for assault and battery. Hogg's Pleadings and Forms, 4th ed. 683. This being true, the allegations contained in the declaration now being considered, would, if the other language necessary to formulate a declaration were present, constitute a good declaration for assault and battery. The quoted italicized words, however, should not be taken out of their context; and, to be properly appraised, should be considered in connection with the declaration as a whole. As we have indicated above, the words of inducement at the beginning of the declaration, leading up to the allegations with respect to commencement of the professional treatment on the third visit to defendant's office, all relate to the defendant's holding himself out as a dentist, undertaking, as such, to treat plaintiff, representing her condition to her, and alleging his duty in connection with the proposed

treatment. These allegations are immediately followed by the averment that he failed in that duty. To this is added the italicized portion of the declaration quoted above.

Immediately following the italicized portion of the declaration is this language:

"And by reason of these said premises, and as a proximate result of the carelessness, negligence, recklessness, wilfulness and unlawfulness of the said defendant * * * this plaintiff, then and there, underwent great and unnecessary anguish and distress and became, and was greatly disordered, reduced and weakened in body and so remained for a long time and still so remains, and which injuries to said tooth *is* permanent, and during which time the plaintiff suffered great pain and mental anguish and distress and will continue at all times hereafter by reasons thereof, to suffer great pain and mental anguish and the plaintiff, by reason of said premises and as a proximate result of the said carelessness, negligence, recklessness, wilfulness and unlawfulness of said defendant * * * plaintiff was forced to go a long time, to-wit, six hours with a large cavity and hole in said tooth, with the nerve of said tooth exposed, causing this plaintiff to suffer great pains and mental anguish and distress and will continue at all times hereafter by reasons thereof, to suffer great pain and mental anguish.

"And as a further and proximate result of the grievance hereinbefore complained of, this plaintiff was forced to have the said tooth filled with a temporary filling in said tooth for a long period of time, to-wit, two months, and that she was required to have said tooth drilled, filled and fixed by other licensed dentist, in and about endeavoring to be cured of said injuries and disorders resulting from the said negligent, wilful, malicious and unlawful acts and conduct of the said defendant."

Taking the declaration as a whole, it is clear to us that it can only be construed as a declaration for malpractice; and that the allegations relied on to sustain the declara-

tion as one for assault and battery cannot, in view of the other language of the declaration, quoted above, be considered otherwise than as a mere charge of conduct in aggravation of the malpractice alleged. Then, there is nothing in the declaration, as we read it, which alleges any injury resulting to plaintiff from any assault and battery. The injuries, the pain and mental suffering, and the inconvenience and distress, alleged to have been suffered by plaintiff, so far as as appears from the declaration, grew out of the alleged conduct of defendant in failing properly to treat plaintiff's tooth. In the last paragraph of the declaration, it is alleged that defendant was required to have her tooth treated by another licensed dentist, and that in and about endeavoring to be cured of said injuries and disorders, resulting from the alleged conduct of defendant, she was compelled to seek the aid of another dentist, and not the services of a physician. This, we think, was a clear recognition that what was meant by the charge of wilful, malicious and unlawful conduct was the alleged failure of defendant to perform his professional duty in the premises.

We are of the opinion that the declaration in this case cannot be made the basis of a verdict and judgment for assault and battery. It is a good declaration for malpractice, and the charges therein, if sustained by proof, would be sufficient basis for a verdict in favor of plaintiff and a judgment thereon.

Inasmuch as the judgment in this case must be reversed and the verdict set aside, we have considered the rights of plaintiff in respect to the course she may be entitled to pursue on a new trial. We think she is entitled to a new trial, and on that trial she may, if she so elects, present her case on the theory of the malpractice alleged in her declaration. In our opinion, her election, aforesaid, to rely upon the declaration as one charging assault and battery, does not now foreclose her right to a trial upon the charge of malpractice, sufficiently alleged in her declaration, her verdict and judgment on the first trial having been vacated.

We therefore reverse the judgment of the Circuit Court of Cabell County, set aside the verdict, and award defendant a new trial.

> *Judgment reversed; verdict set aside; and new trial awarded.*